THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER REQUESTING AN OPINION ADDRESSING THE FOLLOWING QUESTION:
 IS A MEMBER OF A SCHOOL BOARD PROHIBITED FROM SERVING AS A MEMBER OF A COUNTY PLANNING COMMISSION PURSUANT TO THE DUAL OFFICE HOLDING STATUTE, 51 O.S. 6 (1991)?
BECAUSE A PREVIOUS ATTORNEY GENERAL OPINION PROVIDES AN ANALYSIS OF YOUR QUESTION, YOUR REQUEST WILL BE ADDRESSED IN THIS INFORMAL OPINION LETTER.
AS YOUR REQUEST LETTER CORRECTLY STATES, A SCHOOL BOARD MEMBER IS A PUBLIC OFFICER FOR THE PURPOSES OF 51 O.S. 6. YOUR QUESTION IS ACTUALLY LIMITED TO WHETHER A MEMBER OF A COUNTY PLANNING COMMISSION IS ALSO A PUBLIC OFFICER, THEREBY RESTRICTING A SCHOOL BOARD MEMBER FROM SERVING AS A MEMBER OF A COUNTY PLANNING COMMISSION PURSUANT TO THE RESTRICTION OF THE DUAL OFFICE HOLDING STATUTE.
THE PROPER ANALYSIS FOR THIS QUESTION HAS BEEN SET OUT IN ATTORNEY GENERAL OPINION NO. 85-151 (A COPY OF WHICH IS ATTACHED FOR YOUR REVIEW). THE TEST TO DETERMINE WHETHER A PERSON IS A PUBLIC OFFICER WAS ARTICULATED IN OKLAHOMA CITY V. CENTURY INDEMNITY COMPANY, 62 P.2D 94 (OKLA. 1936). THE THREE-PRONGED TEST IS: (1) WHETHER THE SPECIFIC POSITION IS CREATED OR AUTHORIZED BY LAW; (2) WHETHER THERE ARE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INDIVIDUAL; AND (3) WHETHER SUCH DUTIES INVOLVE THE EXERCISE OF SOME PORTION OF THE POWER OF THE SOVEREIGN.
UNDER THE STATUTORY SCHEME FOUND IN 19 O.S. 865.51, ET SEQ., IT IS CLEAR THAT THE POSITION OF A PLANNING COMMISSION MEMBER IS CREATED AND AUTHORIZED BY LAW. THE COUNTY PLANNING COMMISSION STATUTE SETS FORTH CERTAIN DUTIES AND RESPONSIBILITIES OF A PLANNING COMMISSION MEMBER. THE MOST CRUCIAL PART OF THE TEST PERHAPS IS WHETHER THE SPECIFIED DUTIES EXERCISE SOME PORTION OF SOVEREIGN POWER.
AS YOUR REQUEST LETTER INDICATES, THE PLANNING COMMISSION DOES NOT APPROVE A COMPREHENSIVE PLAN, ONLY RECOMMENDS SUCH A PLAN. YET, THE STATUTE AUTHORIZES THE PLANNING COMMISSION TO ENTER INTO CONTRACTS FOR FINANCIAL ASSISTANCE BOTH FROM THE STATE AND THE FEDERAL GOVERNMENT AND TO INCUR NECESSARY EXPENSES IN OBTAINING GRANTS AND FINANCIAL ASSISTANCE. THE FACT THAT THE BOARD OF COUNTY COMMISSIONERS MUST GIVE THE PLANNING COMMISSION APPROVAL TO ENTER INTO CONTRACTS DOES NOT DIMINISH THE PLANNING COMMISSION'S ABILITY TO EXERCISE THIS POWER. THE PLANNING COMMISSION ALSO HAS THE POWER TO PROMULGATE RULES, HOLD PUBLIC HEARINGS AND ENFORCE THE PLANS ADOPTED IN ACCORDANCE WITH THE STATUTE 19 O.S. 865.58. THE EXPRESS INTENT OF THE PLANNING COMMISSION STATUTE IS "FOR THE PURPOSE OF COOPERATING WITH THE STATE OF OKLAHOMA IN CONSERVING THE NATURAL RESOURCES OF THE STATE, AND IN PROMOTING THE HEALTH, SAFETY, PEACE AND GENERAL WELFARE OF THE PEOPLE OF THE STATE." 19 O.S. 865.58 (1991).
MEMBERS OF THE COUNTY PLANNING COMMISSION DO EXERCISE SOME PORTION OF THE POWERS OF THE SOVEREIGN. A MEMBER OF THE COUNTY PLANNING COMMISSION IS A PUBLIC OFFICER AS DEFINED IN THE ABOVE CITED CENTURY INDEMNITY CASE.
THE NEXT QUESTION IS WHETHER 51 O.S. 6(6) EXEMPTS A SCHOOL BOARD MEMBER FROM THE PROHIBITION AGAINST DUAL OFFICE HOLDING. WHAT SUBSECTION 6 PROVIDES IS THAT AN ELECTED SCHOOL BOARD MEMBER MAY ALSO BE APPOINTED TO A STATE BOARD, COMMISSION OR SIMILAR ENTITY IF THERE IS NO COMPENSATION FOR SERVICES OTHER THAN REIMBURSEMENT FOR TRAVEL EXPENSES. THIS IS THE ONLY DUAL OFFICE EXEMPTION GIVEN TO SCHOOL BOARD MEMBERS. BECAUSE A COUNTY PLANNING COMMISSION IS NOT A STATE BOARD OR COMMISSION, THE OFFICE OF A COUNTY PLANNING COMMISSIONER DOES NOT FALL WITHIN THE SCHOOL BOARD MEMBER EXCEPTION PROVIDED IN 51 O.S. 6.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT BECAUSE A MEMBER OF A COUNTY PLANNING COMMISSION IS A PUBLIC OFFICER, 51 O.S. 6, RESTRICTS A SCHOOL BOARD MEMBER FROM SIMULTANEOUSLY SERVING AS A MEMBER OF A COUNTY PLANNING COMMISSION.
(RACHEL LAWRENCE-MOR)